**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RANDELL COY TROUTMAN,** ) | CASE NOS. 1:15 CV 630 |
| ) | 1:11 CR 472 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DAN AARON POLSTER |
| vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| Respondent. ) | |

Before the Court is the *pro se* Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 filed by Petitioner Randell Coy Troutman (**ECF No. 1**) ("Petition"). For the reasons to follow, the Motion is **DENIED** and the case is summarily dismissed.

**I.**

A jury convicted Troutman of possessing cocaine intended for distribution and being a felon in possession of a firearm. On September 5, 2012, the court sentenced Troutman to 300 months imprisonment after determining he was a Career Offender. (See Case No. 1:12CR472, Doc #: 44 (Judgment and Commitment)). Troutman appealed, challenging the district court's denial of his motion to suppress the statements he made to an investigative agent. On March 31, 2014 Troutman's conviction was affirmed. (Id., Doc ##: 72, 73.)

On March 31, 2015, Troutman filed the instant *pro se* § 2255 Petition contending, in six of his seven grounds for relief, that he "committed no capital act of Treason, or otherwise infamous Federal or assimilated Sovereign State crimes on Federal Enclave, based thereon."

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id*.  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.  Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court to take such other action as the judge deems appropriate.

*Id*.  The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Troutman is not entitled to relief in the district court for the following reasons.

## III.

Bearing in mind the admonition of *Boag v. MacDougall* 454 U.S. 364, 365 (1982) that *pro se* pleadings must be liberally construed, Troutman's petition clearly fails to state a claim.

His ramblings regarding "no capital act of Treason" and "Sovereign State crimes on federal enclaves" do not make out a claim of constitutional deprivation cognizable under 28 U.S.C. § 2255.  In the supporting acts under six of his unintelligible grounds, Troutman seems to be challenging one or more  law enforcement searches.  To the extent he is challenging the search that was the subject of his suppression motion and appeal, any further challenge would be *res judicata*.  To the extent Troutman is challenging some other search, any such challenge needed to be raised first before the trial court, and then on direct appeal.  Troutman cannot raise it for the first time in a post conviction motion.

In his seventh ground for relief, Troutman appears to be asserting that his trial counsel was ineffective.  Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694).  A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).  As to the second "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. (quoting *Strickland*, 466 U.S. at 694).

There is nothing in Troutman's barely intelligible rambling that suggests his attorney's performance fell below an objective standard of reasonableness or how whatever counsel did, or failed to do, casts doubt on the validity of Troutman's conviction.

Accordingly, the Motion to Vacate, Set Aside or Commit Sentence, pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the matter is dismissed with prejudice.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster 4/8/2015*
**Dan Aaron Polster**
**United States District Judge**