**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO.: 1:11-CR-00472** |
| ) | |
| **v.** ) | **JUDGE DAN A. POLSTER** |
| ) | |
| **RANDELL TROUTMAN,** ) | |
| ) | |
| **Defendant.** ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Randell Troutman's Motion for Compassionate Release. ECF Doc. 82. For the following reasons, Troutman's Motion is **DENIED**.

### I.    Background

Randell Troutman was indicted on October 13, 2011 for three drug offenses and being a felon in possession of a firearm. ECF Doc. 7. On June 13, 2012, a jury found Mr. Troutman guilty as to all counts. ECF Doc. 40. On September 5, 2012, the Court sentenced Mr. Troutman to 360 months in prison. ECF Doc. 45. Mr. Troutman is currently incarcerated at Hazelton Federal Correctional Institution (FCI) with a release date of May 8, 2037. ECF Doc. 42.[1]

On November 12, 2020, Mr. Troutman filed this Motion for Compassionate Release with the Court. ECF Doc. 82. Mr. Troutman is 70 years old and suffers from high blood pressure and heart disease. ECF Doc. 82, Ex. A. Based on the presence of these conditions in the context of the ongoing COVID-19 pandemic, Mr. Troutman is petitioning the Court to grant compassionate release. On November 13, 2020, the Court appointed counsel for Mr. Troutman. On March 8,

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited April 8, 2021).

2021, Mr. Troutman's counsel filed his notice of intent not to file a supplemental brief on behalf of Mr. Troutman. ECF Doc. 85.

## II. Discussion[2]

Compassionate release is authorized by statute, 18 U.S.C. § 3582(c)(1). In order for the Court to grant compassionate release, two requirements must be met before the Court may grant a sentence modification. 18 U.S.C. § 3582(c)(1). The court must find: (A) extraordinary and compelling reasons warrant sentence reduction and (B) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent that they are applicable." *Id.*

### A. Extraordinary and Compelling Reasons

In determining whether "extraordinary and compelling reasons" for compassionate release exist, the Court examines: (1) whether the defendant has a high risk of complications from contracting COVID-19 and (2) whether the prison where the defendant is incarcerated is experiencing a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) (finding that district courts have full discretion to decide when "extraordinary and compelling reasons" justify sentence modification as long as the Sentencing Commission has not updated § 1B1.13 to reflect the First Step Act).

Mr. Troutman alleges that his medical conditions of high blood pressure and heart disease put him at high risk of serious complications should he contract COVID-19. ECF Doc. 82. The Centers for Disease Control ("CDC") has established two categories of medical conditions linked with increased risk of serious COVID-19 outcomes. *See United States v. Elias*, No. 20-3654, 2021 U.S. App. WL 50169, at *521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the

---

[2] Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. In the present case, it is clear that Mr. Troutman fully exhausted all administrative remedies before filing his Motion with the Court. See ECF Doc. 82, Ex. B. Therefore, the Court moves directly to the merits.

CDC is a common practice in assessing compassionate-release motions"). The first category pertains to medical conditions that, when present, definitely lead to increased risk of serious COVID-19 outcomes.[3] The CDC has determined that both high blood pressure and heart conditions can place a person with COVID-19 at an increased risk of serious complications. *Id*. Notably, Mr. Troutman has failed to provide the Court with medical documentation to ascertain the severity of his medical conditions. However, the Court finds that considering Mr. Troutman's representations regarding his medical condition, and the fact that the CDC's list of underlying medical conditions is not exhausting[4], Mr. Troutman satisfies the first prong of the "extraordinary and compelling reasons" test.

However, Mr. Troutman's Motion fails on the second prong of the "extraordinary and compelling reasons" test. At present, two inmates and four staff members at Hazelton FCI have positive cases of COVID-19.[5] While the Court recognizes Mr. Troutman's fears of contracting COVID-19 as legitimate, the existence of the pandemic alone is not enough to authorize the Court to grant compassionate release. *See United States v. Carr,* No. 20-5784, 2020 U.S. App. LEXIS 33773, at *5 (6th Cir. Oct. 26, 2020) (citing "that the existence of Covid-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release") (other citations and quotes omitted). Therefore*,* Mr. Troutman fails to satisfy the second prong of the "extraordinary and compelling reasons" test.

---

[3] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (April. 8, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (April 8, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("The below list of underlying medical conditions is not exhaustive and only includes conditions with sufficient evidence to draw conclusions").
[5]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed April 8, 2021).

**B. 18 U.S.C. § 3553(a) Factors**

Even if Mr. Troutman had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Mr. Troutman was sentenced to 360 months in prison in September 2012. ECF Doc. 46. To date, he has served approximately 9 years and has over 16 years remaining in his sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Further, a jury convicted Mr. Troutman under very serious circumstances involving drug trafficking a minimum of five kilos of cocaine and two kilos of heroin between multiple states. *See* ECF Doc. 44 at 24. Given the nature of Mr. Troutman's offenses, a reduction in his sentence is not appropriate at this time. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). The Court also notes that Mr. Troutman has a lengthy criminal history, with numerous offenses committed since he was 18 years

old. *Id*. at 25. For these reasons, the § 3553(a) factors weigh against granting Mr. Troutman's Motion for Compassionate Release.

### III. Conclusion

For the above reasons, Randell Troutman's Motion for Compassionate Release (ECF Doc. 82) is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 12, 2021*
**Dan Aaron Polster**
**United States District Judge**