# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:11-cr-00472 |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | **OPINION & ORDER** |
| RANDELL TROUTMAN, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Randell Troutman's Motion for Clarification (the "Motion"). ECF Doc. 87. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

The Court previously denied Troutman's Motion for Compassionate Release on April 12, 2021. ECF Doc. 86. Troutman had sought early release because his heart conditions placed him at greater risk of severe complications should he contract COVID-19. ECF Doc. 82 at 1-5. In denying that motion, the Court recognized Troutman's heighten risk factors, but ultimately concluded that: (1) he had not established extraordinary and compelling reasons for his release because Hazelton FCI was not experiencing a COVID-19 outbreak, and (2) his offenses and criminal history did not support compassionate release. ECF Doc. 86 at 2-5. Troutman further claimed he was entitled to early release because the Court lost its subject matter jurisdiction when various laws changed after his conviction, but the Court did not address this argument. ECF Docs. 82 at 6-15, 86.

Then, on January 31, 2022, Troutman filed the Motion, asking the Court to clarify whether he could appeal the order denying his compassionate release motion. ECF Doc. 87 at 1-7. The Motion also contains new challenges to the legality of his sentence, the effectiveness of his trial counsel, and this Court's alleged "treason." *Id.* at 7-10.

**DISCUSSION**

A motion for clarification cannot be used to seek either legal advice or an advisory opinion from a district court. *United States v. Reynolds*, 12-cr-20843, 2013 WL 6474088, at *3 (E.D. Mich. Dec. 10, 2013) (explaining that the court previously denied a motion for clarification where a criminal defendant's requested clarification amounted to legal advice); *see also Godsey v. Berghuis*, 2:06-CV-15696, 2008 WL 4980899, at *3 (E.D. Mich. Nov. 24, 2008) ("The Court does not render advisory opinions or provide parties with legal advice. Therefore, the Court will deny the motion [for clarification]."). Rather, a motion for clarification is properly used to clarify the scope of a district court's prior order. *Cf. United States v. Riley*, 609 F. App'x 837, 841 n.2 (6th Cir. 2015) (explaining that a litigant can file a motion for clarification to understand an order).

The instant Motion is therefore faulty because Troutman has essentially asked the Court both to issue an advisory opinion and to provide legal advice on the appealability of the compassionate release order. The Court cannot and will not advise Troutman on whether he can or should appeal one of this Court's prior orders, and this alone warrants denial of the motion.

Moreover, neither a motion for clarification nor a motion for compassionate release is the proper mechanism for complaining about the fairness of a defendant's criminal proceedings. *See United States v. Makupson*, 1:14-cr-214, 2021 WL 2826071, at *1-2 (N.D. Ohio July 7, 2021) (explaining that challenges to criminal proceedings must be raised on direct appeal or in a habeas corpus petition). As such, the entirety of the Motion is improper because every argument asks the Court to revisit the fairness of Troutman's criminal proceedings. Given that the Motion does not actually seek to clarify the Court's prior ruling, the Court declines to review Troutman's new contentions about his case.

To the extent that Troutman is seeking clarify the merits of the subject matter jurisdiction arguments in his compassionate release motion, the Court will now make clear that those arguments are meritless and do not provide Troutman with any avenue for early release. More specifically, Troutman argued that the Court did not have subject matter jurisdiction over Troutman's criminal case because: (1) Congress "repealed" 21 U.S.C. § 801 and 21 U.S.C. § 841 by passing the First Step Act in 2018, and (2) the prosecutor did not adhere to the principals in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), when proving Troutman's conviction for felon in possession of a firearm. ECF Doc. 82 at 6-15. Yet, both of these arguments fail because these non-retroactive changes in the law occurred well after Troutman's judgment became final and, therefore, have no applicability to his case. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (explaining that the First Step Act is not retroactive); *United States v. Burley*, 15-CR-352, 2020 WL 2126682 at *1 (N.D. Ohio May 5, 2020) (stating that *Rehaif* is not retroactive). Likewise, as matter of common sense, changes in the law cannot retroactively divest the Court of subject matter jurisdiction and then retroactively disturb a lawful conviction.

## CONCLUSION

For the above reasons, Defendant Randell Troutman's Motion for Clarification (ECF Doc. 87) is hereby **DENIED**.

**IT IS SO ORDERED.**

       */s/ Dan Aaron Polster February 3, 2022*
       **Dan Aaron Polster**
       **United States District Judge**